
**FILED**
VANESSA L. ARMSTRONG, CLERK

JUN 17 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**CYNTHIA ALLEN**
**TERRY COTTON,** a/k/a Daddy O
**TERRY JENKINS**

INDICTMENT

NO. 3:15-cr-58-DJH

18 U.S.C. § 982(a)(7)
18 U.S.C. § 1347
18 U.S.C. § 1349
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(E)(i)
21 U.S.C. § 846
21 U.S.C. § 853

The Grand Jury charges:

## INTRODUCTION

1. At all times material to this Indictment, the defendants, **CYNTHIA ALLEN, TERRY COTTON** and **TERRY JENKINS**, conspired with one another and others to commit the following offenses.

### COUNT 1
(Conspiracy – Health Care Fraud)

On or about and between November 27, 2012, and continuing through October 16, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **CYNTHIA ALLEN, TERRY COTTON** and **TERRY JENKINS**, did knowingly and willfully combine, conspire and confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to knowingly and willfully execute, and attempt to execute, a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, and promises, money and property, owned by and under the custody or control of health care benefit programs, in connection with the delivery of, and

payment for, health care benefits, items, and services, to wit: **CYNTHIA ALLEN**, **TERRY COTTON**, and **TERRY JENKINS** recruited individuals to participate in staged automobile accidents, where one vehicle intentionally struck another vehicle.

## OBJECT OF THE CONSPIRACY

2. The object and purpose of the conspiracy was to obtain money and property under the custody and control of health care benefit programs, and to receive controlled substances.

## OVERT ACTS

3. In furtherance of the conspiracy, and to accomplish the object thereof, the defendants committed the following Overt Acts, among others, in the Western District of Kentucky:

   a. **CYNTHIA ALLEN** directed staged accident passenger participants to seek chiropractic treatment at the clinic at which she was employed.

   b. **CYNTHIA ALLEN** and **TERRY COTTON** then directed passenger participants to seek pain management treatment, including receiving pain medication, at Injury Rehab Specialists of Lou., PLLC, where **CYNTHIA ALLEN** subsequently became employed.

   c. As a result of these acts, among others, automobile insurance companies were billed for and paid for unnecessary treatment at the chiropractic clinic, Injury Rehab Specialists of Lou., PLLC, and other medical providers.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

## COUNT 2
### (Health Care Fraud)

On or about and between November 27, 2012, and continuing through on or about October 16, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **TERRY JENKINS**, knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit: **TERRY JENKINS** fraudulently submitted a settlement demand for $14,882.29 to Safe Auto Insurance Company for alleged injuries he sustained in a staged automobile accident, and received a settlement of $11,000.00.

In violation of Title 18, United States Code, Section 1347.

The Grand Jury further charges:

## COUNT 3
### (Conspiracy – Unlawful Distribution)

On or about and between June 20, 2012, and continuing through on or about January 17, 2014, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **TERRY COTTON**, and others, known and unknown to the Grand Jury, did conspire with each other to knowingly and intentionally distribute and dispense, and caused to be distributed and dispensed, a mixture and substance containing a detectable amount of Hydrocodone, a Schedule III Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 846.

## NOTICE OF FORFEITURE

If convicted of any violation of Title 18, United States Code, Sections 1347 and 1349, and Title 21, United Sates Code, Sections 841 and 846, the defendants, **CYNTHIA ALLEN, TERRY COTTON**, and **TERRY JENKINS**, shall forfeit to the United States, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of any such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Sections 982(a)(7), and Title 21, United States Code, Section 853.

A TRUE BILL.



FOREPERSON

*Laura S Hall*

JOHN E. KUHN, JR.
ACTING UNITED STATES ATTORNEY

JEK:JRA:LJW:20150610

4

UNITED STATES OF AMERICA v. **CYNTHIA ALLEN**, **TERRY COTTON**, and **TERRY JENKINS**

## PENALTIES

Count 1: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 2: NM 10 yrs/$250,000/both/NM 3 yrs. Supervised Release
Count 3: NM 10 yrs/$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

## THE UNITED STATES OF AMERICA
vs.

CYNTHIA ALLEN

TERRY COTTON, a/k/a Daddy O

TERRY JENKINS

## INDICTMENT

**Title 18 U.S.C. §§ 1349; 1347;
Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(E)(i); 846:
Conspiracy to Commit Health Care Fraud;
Health Care Fraud; Conspiracy to Distribute
and Dispense Hydrocodone.**

*A true bill.*

_____
*Foreperson*

*Filed in open court this 17th day, of June, 2015.*

_____
*Clerk*

*Bail, $*



FILED
VANESSA L. ARMSTRONG, CLERK

JUN 17 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY